**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0641n.06
Filed: August 1, 2005

**Nos. 04-5131, 5135**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DIANE COGGINS, Individually and as natural parent, guardian and next friend of Lindsey Garretson, Deceased, | ) ) ) ) | |
| Plaintiff-Appellee/Cross-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| LINDSEY GARRETSON, Deceased; HAROLD COGGINS, Individually, | ) ) | |
| Plaintiffs-Appellees, | ) ) ) | |
| JIMMY GARRETSON, | ) ) | |
| Intervenor-Appellee, | ) ) | |
| v. | ) ) | |
| KLLM, INC.; STEWART BRADLEY FOY; KLLM TRANSPORT SERVICES, INC.; VERNON SAWYER TRANSPORTATION, INC., | ) ) ) ) ) | |
| Defendants-Appellants/ Cross-Appellees. | ) ) | |

Before:  DAUGHTREY and COOK, Circuit Judges; HOOD, District Judge.[*]

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

COOK, Circuit Judge. Defendants KLLM, Vernon Transportation, and Stewart Foy appeal a jury verdict in this wrongful-death case. The defendants argue that the district court erred in submitting a confusing special-verdict form to the jury and that the evidence did not support the jury's award of punitive damages. Plaintiff Diane Coggins cross-appeals, contending the district court erred in denying her motion for a judgment as a matter of law because the jury should not have attributed 25% of the fault to nonparty, Thomas Davidson. We affirm.

I

Thomas Davidson drove along a Tennessee highway, transporting some boxes, a mattress, and two box springs in the bed of his pick-up truck. Both box springs came untied and tumbled onto the road, one landing in the left lane and the other in the right. This caused a traffic jam, as some cars slowed and stopped behind the box spring in the left lane, others veered onto the left shoulder, and other cars attempted to move over into the right lane to avoid the box spring in the left lane. The decedent Lindsey Garretson, driving in the left lane, approached the congested traffic and began to slow down when defendant Stewart Foy, following behind her in his tractor-trailer rig, going at least 70 miles per hour, braked too late and struck her car, pushing it about 450 feet and causing it to burst into flames. Garretson, engulfed in flames, burned to death.

Lindsey Garretson's mother, Diane Coggins, brought suit under Tennessee's Wrongful Death Statute against Foy and his employers (collectively "KLLM"), alleging negligent driving by Foy, vicarious negligence of his employer KLLM, and negligent hiring/retention by KLLM of Foy in

light of his history of poor driving. Lindsey's father, Jimmy Garretson, intervened and asserted the same claims against the defendants.

A federal jury found Foy and KLLM 75% negligent and Thomas Davidson, the driver who dropped the box springs, 25% negligent. The jury awarded the plaintiffs compensatory damages of $4,504,449 and punitive damages of $2,375,000. Both parties then filed post-trial motions for judgment as a matter of law premised on the same claims they raise now on appeal, which the district court denied.

II

The defendants argue that they deserve a new trial on damages because the special-verdict form confused the jury and violated Tennessee law. Under Tennessee's wrongful-death statute, a plaintiff can recover for loss of consortium, not as a separate cause of action, but only as part of an action for the pecuniary value of the deceased's life. *Jordan v. Baptist Three Rivers Hosp*., 984 S.W.2d 593, 601 (Tenn. 1999) ("We hold that consortium-type damages may be considered when calculating the pecuniary value of a deceased's life. This holding does not create a new cause of action but merely refines the term 'pecuniary value.'"). The defendants argue that the district court composed the special-verdict form in such a way that it misled the jury to award damages for loss of consortium as a separate category rather than as an aspect of pecuniary value, thereby resulting in double recovery by the plaintiffs.

We review the propriety of a special-verdict form as we would jury instructions. *See Hickson Corp. v. Norfolk S. Ry.*, 260 F.3d 559, 567-68 (6th Cir. 2001) (analyzing instructions and verdict form together). So we review the district court's choice of verdict form here for abuse of discretion, looking at the form as a whole—ensuring it accurately reflects the law and is not confusing, misleading, or prejudicial. *See United States v. Prince*, 214 F.3d 740, 760-61 (6th Cir. 2000).

The special-verdict form in this case looked, in pertinent part, as follows:

PECUNIARY VALUE OF LINDSEY GARRETSON'S LIFE $_____
      LOSS OF CONSORTIUM:
      DIANE COGGINS                        $_____
      JIMMY GARRETSON             $_____

And the jury awarded $1,000,000 for pecuniary value; $2,000,000 for Coggins's loss of consortium; and $250,000 for Jimmy Garretson's loss of consortium.

We find nothing confusing about this verdict form. Loss of consortium is visibly indented under pecuniary value, identifying it as a sub-part of pecuniary value, not as a separate category. And, consistent with the verdict form, the judge instructed the jury that it should consider loss of consortium as a factor in determining the value of Lindsey Garretson's life. This instruction, combined with the form's format, directed the jury to treat loss of consortium as part of pecuniary value.

Moreover, even assuming the form looked confusing, that confusion did not prejudice the defendants. Both the evidence presented and defense counsel's own explanation of the verdict form to the jury clarified how the jury should utilize the categories in its deliberations. For instance, the space for pecuniary value represented the decedent's loss of earning capacity—one of the factors in establishing a person's pecuniary value. *See Jordan*, 984 S.W.2d at 600. While the form could have been clearer by labeling that category as "loss of earning capacity" rather than pecuniary value, the jury knew what the label meant, because the award corresponded with the evidence on loss of earnings. The plaintiffs' expert testified that, depending on Lindsey Garretson's education and marital status, her lost earning capacity would be between $680,362 and $1,870,073; and the jury rendered an award under the pecuniary-value space for $1 million—within the expert's range and almost precisely the same value the expert gave assuming Lindsey Garretson would have married and graduated college. More importantly, defense counsel, during closing argument, explained to the jury that that line was meant for loss of earnings. Thus, even if the verdict form were deemed confusingly formatted, that aspect cannot be shown to have prejudiced the defendants in light of the agreement between the completed form and the pertinent damages testimony together with counsel's closing argument on damages. *See State v. Laney*, 654 S.W.2d 383, 388 (Tenn. 1983) (finding no prejudice in light of evidence and counsel's closing argument, which clarified otherwise confusing jury instruction).[1]

---

[1]The defendants ask us to certify this question to the Tennessee Supreme Court, because it presents the novel issue of whether *Jordan* permits separate lines on a verdict form for loss of consortium and pecuniary value. We, however, decline to do so. Tennessee law allows certification only of determinative issues—and the issue here is not determinative because, as explained above,

III

We find the parties' other arguments lack merit for the reasons given by the district court in its well-reasoned opinion—and therefore affirm.

---

even if the verdict form were erroneous in setting out separate lines for pecuniary value and loss of consortium, the error did not prejudice the defendants because the evidence and defense counsel's closing argument clarified the form.